E-Filed: **03/16/09**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **William H. Doyle,** ) | **CASE NO. CV 07-2401-GHK** |
| Petitioner, ) | |
| ) | **ORDER DENYING PETITION FOR** |
| v. ) | **WRIT OF HABEAS CORPUS** |
| ) | |
| **United States Parole Commission,** ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner William H. Doyle's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). On November 7, 2007, Petitioner filed the Petition. Petitioner is not challenging the legality of his sentence; he is challenging the way it is being executed. On February 29, 2008, Respondent United States Parole Commission ("Respondent") filed an Answer. On March 18, 2008, Petitioner filed a Traverse. We have now considered the papers filed in support of and opposition to this Petition, and deem this matter appropriate for resolution without oral argument. L.R. 78-230(h).

**I.    Factual Background**

On March 19, 1975, Petitioner was sentenced in the United States District Court for the Western District of Texas to an 8-year regular prison term and a 20-year special parole term ("SPT") for possession with intent to distribute methamphetamine. He was

released on parole on January 11, 1980, with a full term date of October 17, 1982. The 20-year SPT, therefore, was to commence on October 17, 1982 and originally had a full term date of October 17, 2002.

On February 11, 1983, Petitioner was sentenced in the Eastern District of California on a new drug charge–again possession with an intent to distribute methamphetamine. He was given a 3-year regular prison sentence and a 5-year SPT.

While Petitioner was still serving his new 1983 sentence, Respondent gave Petitioner a combined initial parole hearing on his new 1983 sentence and a dispositional revocation hearing on his 1975 sentence. After the hearing, on April 24, 1985, Respondent revoked Petitioner's 20-year SPT for the first time, forfeited all of the time spent on special parole, and ordered that the unexpired portion of the 1975 sentence would commence upon release on the 1983 prison sentence.

On April 5, 1985, Petitioner was mandatorily released from his 1983 prison sentence. Petitioner's 1975 20-year SPT, which had been revoked with no credit for time spent on special parole, began to run again on April 5, 1985.

On December 11, 1987, Respondent reparoled Petitioner, and reactivated the balance of his 20-year SPT with a full term date of April 4, 2005. Respondent revoked Petitioner's SPT a second time in 1991, a third time in 1993, and a fourth time in 1996. On each such occasion, Respondent forfeited all of Petitioner's street time.

Respondent revoked Petitioner's SPT a fifth time in 1999. However, based upon the Ninth Circuit's decision in *Robles v. United States*, 146 F.3d 1098 (9th Cir. 1998), Respondent converted Petitioner's 1975 20-year SPT to a term of regular parole, ordered all street time credited, and reparoled him after the service of 16 months. Respondent subsequently awarded Petitioner much of the street time spent on the previous periods of supervision based upon the conversion of his 20-year SPT to a term of regular parole. This order was corrected by Respondent's National Appeals Board to include all previous periods of parole beginning in 1987. Based upon these orders, the Federal Bureau of

Prisons ("BOP") recalculated Petitioner's sentence.

Petitioner was released on regular parole on the balance of the converted 20-year term on May 19, 2000. The newly computed sentence expiration date was April 11, 2010. Apparently, the new sentence expiration date was in 2010 instead of 2005 because Respondent determined that Petitioner's 1983 5-year SPT would now run consecutively to the 1975 20-year SPT that was converted to a 20-year regular parole term.[1]

On January 17, 2001, Respondent issued a warrant for Petitioner's arrest. Petitioner was returned to custody on January 31, 2001. On March 23, 2001, Respondent converted Petitioner's regular parole term back to an SPT pursuant to the Supreme Court's decision in *Johnson v. United States*, 529 U.S. 694 (2000). Respondent believed that *Johnson* overruled *Robles*. Respondent vacated its previous decisions to award credit for street time, and the BOP recalculated Petitioner's sentence as if the 1975 20-year parole term was again an SPT.

Respondent revoked Petitioner's special parole for the sixth time in 2001, for the seventh time in 2003, and for the eighth time in 2005, each time again forfeiting all street time.

Respondent granted Petitioner reparole on June 26, 2006. In a petition for writ of habeas corpus filed in the Central District of California on December 13, 2005, Petitioner challenged Respondent's authority to re-convert his 1975 20-year parole term back to an SPT based upon Respondent's interpretation of *Johnson*. On August 17, 2006, the court granted a conditional writ of habeas corpus. *See Doyle v. Warden*, 447 F. Supp. 2d 1123 (C.D. Cal. 2006). The court concluded that *Robles* was based upon the Ninth Circuit's conclusion that 18 U.S.C. § 841(c) did not authorize the creation of a new term of special parole, or reinstatement of an old one, when an SPT was revoked. *Id.* at 1128. The court held that *Johnson* did not undermine *Robles* and that Respondent's interpretation of 18

---

[1] SPTs usually run consecutively to regular parole terms.

3

U.S.C. § 841(c) was not entitled to deference. *Id.* at 1129–30.

On September 11, 2006, in accordance with the court's order, Respondent issued a decision voiding all of its previous orders regarding the forfeiture of street time and scheduled a hearing to consider discretionary findings concerning the forfeiture of street time based on other grounds. Respondent advised Petitioner that this decision only affected the sentence imposed in 1975 in the Western District of Texas. The BOP recomputed Petitioner's sentence based upon Respondent's decision and determined that the sentence in the 1975 case had expired on December 23, 2005; therefore, Petitioner commenced the 5-year SPT that had been imposed in 1983 on the same date.

On January 8, 2007, Respondent issued an arrest warrant for Petitioner, who had been released on parole on June 26, 2006. Respondent charged Petitioner with violating the conditions of parole by using drugs. On July 10, 2007, Respondent forfeited all of the street time Petitioner had spent on special parole, and granted reparole effective October 23, 2007. Respondent then converted the 1983 5-year SPT to a regular parole term. Respondent also credited towards the expiration of the 1983 5-year parole term the time Petitioner had spent in custody from 2005 (the end of his 1975 sentence) until his release from custody on June 26, 2006.

Petitioner now appeals Respondent's decision, claiming that the 5-year SPT expired on August 14, 1990, because it commenced on August 14, 1985, upon his release from prison on the 1983 sentence.[2] The parties agree that Petitioner properly exhausted his administrative remedies.

**II. Discussion**

According to the Parties, the issue in this Petition is whether Respondent properly reached back to Petitioner's 1983 5-year SPT after converting Petitioner's 1975 20-year

---

[2] Petitioner was not actually released from prison in 1985. He was released to a federal detainer because he had violated his 1975 20-year SPT when he was convicted on new criminal conduct in 1983.

4

1  SPT into a regular parole term in both 1999, and again in 2006. Respondent argues that
2  forcing Petitioner to serve his 1983 5-year SPT is appropriate because, given that the
3  1975 20-year SPT was converted to a regular parole term *nunc pro tunc* and regular
4  parole terms are not served concurrently with SPTs, Petitioner never fully served his
5  1983 5-year SPT in the first place.

6  Respondent is correct, but not for the reasons set forth in its Answer. Respondent
7  seems to concede that had Petitioner's 1975 20-year SPT remained an SPT, Petitioner's
8  1983 5-year SPT would have been completed long ago. Respondent agues that things
9  changed in 1999, and again in 2006, when Petitioner's 1975 20-year SPT was converted
10 to a regular prison term. Respondent then states that "[t]he fact that the conversion took
11 place many years after the 3-year prison sentence [based on the 1983 conviction] had
12 expired is of no consequence." (Answer at 12.) Respondent is correct but its analysis
13 provided in the Answer is confusing.[3]

14 In 1985, when Petitioner was released from his 1983 3-year prison sentence, he
15 was immediately detained for violating his 1975 20-year SPT. He was not again released
16 until December 11, 1987. Because Petitioner's 1983 5-year SPT could not have begun to

---

[3] Respondent cites three cases for the proposition that the conversion and subsequent re-imposition of the 1983 5-year SPT was appropriate. However, none supports Respondent's position. Moreover, in all three cases, the petitioner had not completed his full parole term and, therefore, the Parole Commission was not divested of jurisdiction. Here, if Respondent's concession is that the 20-year SPT and the 5-year SPT ran concurrently (as it admits that 2 SPTs normally would run concurrently (Answer at 9)), then Respondent would have been divested of jurisdiction long ago. To the extent Respondent believes that it could re-start an expired 5-year SPT based on the *nunc pro tunc* conversion of the 1975 20-year SPT to regular parole in 1999 and 2006, its cited authorities do not support this assertion. Ultimately, Respondent is correct that Petitioner's 1983 5-year SPT has not been fully completed, but not because it could be re-started after it had been fully served. Rather, we conclude that Petitioner had never fully served the 1983 5-year SPT. *See infra* at 6-7.

run until he was released from prison for violating his 1975 20-year SPT, it was actually on December 11, 1987 that Petitioner's 1983 5-year SPT began to run.[4] Therefore, when Petitioner's parole was revoked in July, 1991, he had not served the full term of his 1983 5-year SPT. Accordingly, Petitioner cannot claim that Respondent lost jurisdiction over him on the 1983 5-year SPT in 1991 because it would not have been completed until sometime in 1992.

In sum, Petitioner is correct that had there been two SPTs they would normally run concurrently. However, Petitioner violated his 20-year SPT and was detained for that violation in 1985, immediately after he served his 1983 3-year sentence. At that point, pursuant to *Robles v. United States*, 146 F.3d 1098 (9th Cir. 1998), and the court's order in *Doyle v. Warden*, 447 F. Supp. 2d 1123 (C.D. Cal. 2006), Petitioner's 1975 20-year SPT was converted into a 20-year regular parole term. Therefore, going forward from 1985, Petitioner was serving a regular parole term until 2005. Because an SPT does not run concurrently with a regular parole term, but rather runs after a regular parole term is

---

[4] Petitioner argues that his 1983 5-year SPT should have begun to run in 1985, when he was released from his 1983 3-year prison sentence. (Petition, at 1). Petitioner cites two cases that seem to hold that a prisoner's regular parole term begins once the prisoner is released from prison, even if that prisoner is released to a state detainer. *See Weeks v. Quinlan*, 838 F.2d 41, 47 (2nd Cir. 1988); *Garafola v. Wilkinson*, 721 F.2d 420, 426 (3rd Cir. 1983). Neither case discusses SPTs. Moreover, the Bureau of Prisons Computation Manual specifically states that: "If a prisoner's mandatory release or parole [on a prison sentence] is revoked before the SPT supervision can begin, and a return to imprisonment is required as a result, then the SPT remains to follow the violator term unaffected and the [normal rules] would apply anew." *Id.* at 53 (emphasis omitted). An SPT is "designed to test the offender's ability to lead a lawful life in the community," *Mastrangelo v. U.S. Parole Comm'n.*, 682 F.2d 402, 404–05 (2d Cir. 1982), and is a separate entity for sentencing purposes. Bureau of Prisons Sentence Computation Manual PS 5880.03 at 55. Therefore, because Petitioner went back to prison immediately after his mandatory release from the 1983 3-year sentence, his 5-year SPT did not begin until 1987.

completed, Petitioner could not have begun serving his 1983 5-year SPT until 2005. *See* Bureau of Prisons Sentence Computation Manual PS 5880.03 at 53. Because Petitioner's 1983 5-year SPT did not begin until 2005, Petitioner's claim that he was not subject to parole after 2005 is without merit. Accordingly, the Petition is **DENIED**.[5]

**IT IS SO ORDERED.**

DATED: March 16, 2009

_____
GEORGE H. KING
United States District Judge[6]

---

[5] We need not decide on this Petition the precise date Petitioner's parole will expire because that matter is not properly presented for our decision at this time.

[6] United States District Judge for the Central District of California sitting by designation.

7